UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| MATRIXED REALITY TECHNOLOGY CO., LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>EDEN FUTURE HK LIMITED and BEIJING XINGZHE WUJIANG TECHNOLOGY CO., LTD.,<br><br>    Defendants. | Civil Action No. 2:26-cv-00034<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Matrixed Reality Technology Co., Ltd. (d/b/a XREAL, hereinafter "XREAL" or "Plaintiff"), by and through its undersigned counsel, hereby files this Complaint against Defendants Eden Future HK Limited and Beijing Xingzhe Wujiang Technology Co., Ltd. (collectively, "Defendants" or "Viture") for infringement of U.S. Patent No. 11,988,839 ("the '839 Patent").

**BACKGROUND**

1. This action is brought to protect the integrity of innovation in the field of augmented reality (AR) technologies. Plaintiff XREAL, the creator of the global market-leading XREAL AR glasses, has spent years and invested significant resources in pioneering research and development to solve foundational challenges in AR technologies. Founded at a time when AR was considered science fiction, XREAL made consumer AR glasses possible through years of relentless research and development.

2. Defendants only recently entered this market. While XREAL chose the hard path of independent research and development and cultivating the market and ecosystem, Defendants chose the shortcut of intellectual property infringement and freeriding on XREAL's technological breakthroughs, unlawfully incorporating XREAL's proprietary inventions into their competing "VITURE" products. As recently shown by the grant of a preliminary injunction against Defendant Eden Future HK Limited by the Munich Regional Court in Germany, Defendants have demonstrated and engaged in a pattern of infringement of XREAL's patented technologies to create their "VITURE" products.

3. This lawsuit seeks not merely to enforce a patent, but to halt a pattern of intellectual property infringement that undermines the integrity of innovation that drives this industry forward and endangers continued technological advancement.

4. XREAL owns U.S. Patent No. 11,988,839 ("the '839 Patent"), titled "Augmented reality apparatus and optical system therefor." The '839 Patent describes novel AR apparatus designs and optical systems that enable high-quality image rendering and user comfort in wearable AR devices. XREAL's patented technology addresses critical technological challenges in AR devices, including improvement to the image quality, field-of-view optimization, privacy, and interactivity, and helping AR glasses become a lightweight product while offering high image quality.

5. XREAL has continued to innovate and expand its intellectual property portfolio, securing patents in the United States and internationally. The company's technologies have been recognized for their ability to deliver immersive AR experiences while maintaining ergonomic design and optical precision.

6.      Over the years, other companies began to make and sell AR/XR glasses incorporating features, capabilities, or technologies that involve optical systems for augmented reality for wearable devices. On information and belief, Defendants Eden Future HK Limited and Beijing Xingzhe Wujiang Technology Co., Ltd. began making, selling, and importing in and into the United States AR/XR glasses under the "VITURE" brand, including at least the VITURE Pro XR/AR Glasses, VITURE Luma Pro XR Glasses, VITURE Luma Ultra XR/AR Glasses, and other reasonably similar "VITURE" branded products ("Accused Products"), which incorporate features and capabilities that infringe one or more claims of the '839 Patent. These products are marketed as purported premium AR/XR devices and are sold in the United States through major retail channels, including Amazon and Best Buy, as well as through the official website of "VITURE" brand smart glasses.

7.      On information and belief, the Accused Products are manufactured in China and imported into the United States for sale to U.S. consumers. Viture has publicly announced its retail expansion in the United States and globally, enabling more widespread distribution of the Accused Products in the United States.[1]

8.      XREAL previously asserted its European counterpart to the '839 Patent in patent litigation against Eden Future HK Limited before the Munich Regional Court in Germany, with case number 7 O 11997/25. In that action, the German court issued a preliminary injunction prohibiting Eden Future from making, using, selling, or importing infringing AR/XR glasses in the Federal Republic of Germany. This injunction was granted after the court found a strong likelihood of infringement after hearing. The German court's decision underscores that Eden

---

[1] For example, *see* VITURE BLOG, "VITURE XR Glasses Now Available in 200 Best Buy Stores Nationwide," https://www.viture.com/blog/viture-xr-glasses-now-available-in-200-best-buy-stores-nationwide (*last visited* January 15, 2026).

Future was not only aware of XREAL's intellectual property but demonstrated deliberate disregard for those rights.

## THE PARTIES

9. Plaintiff Matrixed Reality Technology Co., Ltd. is a company organized under the laws of the People's Republic of China, with its principal place of business at No. 2-3, Xinji Road, Singapore Industrial Park, Xinwu District, Wuxi City, China.

10. Defendant Eden Future HK Limited ("Eden Future") is a company organized under the laws of Hong Kong SAR, with a principal place of business at The L Plaza, 367-375, Queen's Road Central, Unit 05, 12/F, Sheung Wan, Hong Kong SAR. Upon information and belief, Mr. Gonglue Jiang, a/k/a David Jiang, serves as director and founder of Eden Future. *See* Exhibit 1.

11. On information and belief, Eden Future acts as an agent or distributor for Viture and its affiliated entities in connection with the sale of the Accused Products in the United States. Eden Future has promoted its products as offering immersive entertainment, productivity, and gaming experiences on Viture's Amazon page in the United States. Eden Future is listed as the seller of the "VITURE" brand smart glasses on Amazon.com.[2] On information and belief, Eden Future, directly or through agents and intermediaries (including distributors, retailers, and e-commerce platforms), imports, sells, and offers to sell infringing smart glasses, including the Accused Products, in and into the United States, Texas, and particularly, the Eastern District of Texas.

---

[2] *See* VITURE US Seller Information, https://www.amazon.com/sp?ie=UTF8&seller=A1R5H7JGOPJRT&asin=B0FFT61X6F&ref_=dp_merchant_link&isAmazonFulfilled=1 (*last visited* January 15, 2026).

12. Defendant Beijing Xingzhe Wujiang Technology Co., Ltd. ("Viture Beijing") is a company organized under the laws of the People's Republic of China, with a registered address at J490, 3rd Floor, Building G, Zhongguancun Intelligent Manufacturing Street, No. 45 Chengfu Road, Haidian District, Beijing, China. Upon information and belief, Viture Beijing is the corporate entity responsible for the technological development, manufacturing, and global distribution of the accused Viture products, and operates in concert with Eden Future. Upon information and belief, Viture Beijing is wholly owned by Eden Future. *See* Exhibits 2-3.[3] Upon information and belief, Mr. David Jiang serves as the legal representative and sole director of Viture Beijing. *See* Exhibits 2-3.

13. Upon information and belief, Viture Beijing, directly or in concert with others, manufactures the Accused Products and sells, offers to sell, and imports the Accused Products, in and into the United States, Texas, and particularly, the Eastern District of Texas. Upon information and belief, Viture Beijing is involved in the overseas manufacture and subsequent importation of the Accused Products into the United States. "VITURE" brand product packaging indicates that Viture's smart glasses are manufactured in China. *See* Exhibit 4.

14. Upon information and belief, Viture Inc. ("Viture US") is a California corporation that has its principal place of business at 20863 Stevens Creek Blvd Suite 400, Cupertino, California 95014 and a mailing address at 447 Sutter St. Suite 405 #315, San Francisco, CA 94108. Viture US operates the official website of "VITURE" brand smart glasses and acts as the sales agent for the Defendants and "VITURE" brand smart glasses.[4]

---

[3] Attached hereto as Exhibit 3 is a certified English translation of Exhibit 2.

[4] *See* VITURE, "Terms of Service," https://www.viture.com/terms-of-service (*last visited* January 15, 2026).

15.     Viture's official online account admits that Viture was "established in San Francisco" and quickly expanded its team "to several locations, including Hong Kong, Beijing, Shanghai, Shenzhen, Seattle, and more; all with local offices" and that it was "currently co-headquartered in California and Beijing, and David often travels between offices."[5] A public securities filing of an OLED supplier to Viture Beijing states that "VITURE" AR glasses were launched by Viture Beijing and that this supplier supplies OLED products to Viture Beijing for its smart glasses products.[6] Viture Beijing is also listed as the authorized representative for "VITURE" brand smart glasses in the registration for China Compulsory Certification. In the same registration, "VITURE Inc." is listed as "producer (manufacturer)" and Futaijing Precision Electronics (Beijing) Co. is listed as "enterprise of manufacturing," which shows that Viture Beijing operates in concert with Viture US with respect to the manufacturing, sales, and marketing of "VITURE" brand smart glasses globally. *See* Exhibits 5-6.[7]

16.     Viture Beijing is wholly owned by Eden Future and is controlled by Eden Future and Mr. David Jiang, who is a common director and representative of both Eden Future and Viture Beijing. Viture Beijing operates in concert with Eden Future and Viture US with respect to the manufacturing, sales, offering to sell, and importation of Accused Products, in and into the United States, Texas, and particularly, the Eastern District of Texas.

17.     Upon information and belief, Viture US is responsible for the marketing and sales of the Accused Products in the United States, and acts as an agent of or in concert with Eden

---

[5] *See* Response from "getVITURE" on Reddit, https://www.reddit.com/r/VITURE/comments/1o3ofd1/is_viture_a_china_or_hong_kong_based_company/?rdt=54790-- (*last visited* January 15, 2026).

[6] *See* "Issuer and Intermediary Institutions' Response to the First Round of Inquiries," https://data.eastmoney.com/notices/detail/A25172/AN202510151762635422.html (*last visited* January 15, 2026).

[7] Attached hereto as Exhibit 6 is a certified English translation of Exhibit 5.

Future and Viture Beijing in connection with sales, offers to sell, and importation of the Accused Products, in and into the United States. The "VITURE" brand's official website admits that Viture US is "doing business as VITURE."[8] This website also provides product information, press releases, shopping channel information, Q&A, and inquiries. Additionally, the "VITURE" Amazon store's registered seller information[9] and the associated Amazon product page identify both Eden Future and "Viture Inc." as business entities in connection with the store and its "VITURE" branded products.[10] The Accused Products are manufactured by a manufacturer in Beijing in cooperation with Viture Beijing and Viture US. As the seller and distributor of Eden Future and Viture Beijing's infringing "VITURE" brand products in the United States, Viture US provides Eden Future and Viture Beijing with substantial business advantages through Viture US's business decisions, which Eden Future and Viture Beijing enjoy as if they conducted their business through their own offices or paid agents in California, where Viture US has an office.

18.     Viture US is under common control with Eden Future and Viture Beijing. Furthermore, Viture's official website, which is operated by Viture US, has listed various email addresses for receiving inquiries regarding "VITURE" brand products, including one email

---

[8] *See* VITURE, "Terms of Service," https://www.viture.com/terms-of-service (*last visited* January 15, 2026).

[9] *See* VITURE US Seller Information, https://www.amazon.com/sp?ie=UTF8&seller=A1R5H7JGOPJRT&asin=B0FFT72CBX&ref_=dp_merchant_link&isAmazonFulfilled=1 (*last visited* January 15, 2026).

[10] *See* VITURE Luma Pro XR Glasses "Product Information," https://www.amazon.com/dp/B0FD8NP2DC/?_encoding=UTF8&pd_rd_i=B0FD8NP2DC&ref_=sbx_be_s_sparkle_ssd_tt&qid=1763717659&pd_rd_w=pmXmc&content-id=amzn1.sym.9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d%3Aamzn1.sym.9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d&pf_rd_p=9f2b2b9e-47e9-4764-a4dc-2be2f6fca36d&pf_rd_r=WW5BHCMFRDEPMKQGAT2C&pd_rd_wg=3HL7l&pd_rd_r=87d85f0e-1730-472b-93b4-ad9767f733e6&pd_rd_plhdr=t&th=1 (*last visited* January 15, 2026).

address specifically "For Order & Product Inquiries" as happycustomer@viture.us.[11] The same email address is also listed as the contact for FAQ and questions on the "VITURE" Amazon store operated by Eden Future.[12] Additionally, upon information and belief, Mr. David Jiang is also the founder, director, chief executive officer, and chief financial officer of Viture US.[13] *See also* Exhibit 7. Given the close corporate relationship, business and operational connections, and common founder, director, officer, and/or representative between Eden Future, Viture Beijing, and Viture US, it is reasonably certain that Eden Future and Viture Beijing have regular contacts with Viture US in its capacity as their United States sales and operations base such that Defendants would be appraised of the service of this Complaint when it is served on Viture US.

## JURISDICTION AND VENUE

19.   This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, including 35 U.S.C. § 271.

20.   This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

21.   Defendants are subject to this Court's personal jurisdiction consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute because, among other things, Defendants have committed acts of patent infringement in the United States, Texas, and this District by, *inter alia*, offering for sale, and/or selling the Accused Products in the United States, Texas, and this District, and importing the Accused Products into the United States, Texas, and this District. Upon information and belief,

---

[11] *See* VITURE, "Contact Us," https://www.viture.com/contact (*last visited* January 15, 2026).

[12] See VITURE, "FAQ, Glasses," https://www.amazon.com/stores/page/A9F3A276-B5C0-4368-8B46-BF15AAF3D7C9?ingress=0&visitId=841b5e43-1819-492e-aee2-d878b8cfd70f (*last visited* January 15, 2026).

[13] *See* "David Jiang (VITURE) on the Four Factors Leading to AR Glasses Adoption," https://www.thearshow.com/podcast/149-david-jiang (*last visited* January 15, 2026).

Defendants have derived substantial revenue from sales of the infringing products to consumers and residents of the United States, Texas, and this District and have engaged in marketing and promotional activities targeted at consumers and residents of the United States, Texas, and this District. Defendants have purposefully and voluntarily placed the infringing products into the stream of commerce with the expectation and intent that they will be purchased and used by consumers in the United States, Texas, and this District. Accordingly, Defendants have established minimum contacts within Texas and purposefully availed themselves of the benefits of the State of Texas, and the exercise of personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. For example, Defendants import, sell, and/or offer to sell the Accused Products through Amazon, various Best Buy stores in the United States and Texas, and Viture's website at https://www.viture.com/, which maybe accessed throughout the United States, the State of Texas, and this District.

22.     As shown below, the Accused Products are available for sale in Best Buy stores in the United States and throughout Texas, including, for example, the Best Buy store at 2701 N Mesquite Dr, FL 200, Mesquite, Texas.[14]

---

[14] *See* VITURE, "Shopping Channels," https://www.viture.com/shopping-channels (*last visited* January 15, 2026).



23.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because, among other things, Defendants are foreign corporations not resident in the United States, and thus may be sued in any judicial district, including this District, pursuant to 28 U.S.C. § 1391(c)(3).

## THE PATENT-IN-SUIT

24.     U.S. Patent No. 11,988,839 ("the '839 Patent") is titled "Augmented reality apparatus and optical system therefor." The '839 Patent was duly and legally issued by the U.S. Patent and Trademark Office on May 21, 2024. A copy of the '839 Patent is attached as Exhibit 8.

25.     Plaintiff is the sole and exclusive owner of all right, title, and interest in the '839 Patent and holds the exclusive right to enforce it and recover damages for infringement.

26.     The '839 Patent is generally directed to an innovative augmented reality apparatus and its optical system. The '839 Patent discloses a novel and non-obvious compact and efficient

optical arrangement that projects digital imagery into a user's field of view while allowing for clear perception of the real-world environment.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 11,988,839)

27. Plaintiff incorporates by reference the allegations of paragraphs 1–26 above.

28. The '839 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

29. Defendants have directly infringed and continue to directly infringe at least claim 1 of the '839 Patent under 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by selling and offering for sale the Accused Products in the United States and importing the Accused Products into the United States without authorization from XREAL.

30. A claim chart illustrating Defendants' infringement of at least claim 1 of the '839 Patent by a representative Accused Product is attached as Exhibit 9 and incorporated herein by reference.

31. Defendants have indirectly infringed and continue to indirectly infringe at least claim 1 of the '839 Patent under 35 U.S.C. § 271(b), by knowingly and intentionally inducing others (including distributors, retailers, and end-users) to directly infringe by using, offering to sell, selling, and importing the Accused Products in and into the United States.

32. On information and belief, Defendants had knowledge of the '839 Patent and its family of related patent applications prior to the filing of this lawsuit. For example, Plaintiff Matrixed Reality Technology Co., Ltd. has previously asserted the European counterpart of the '839 Patent in patent infringement litigation in Germany against Eden Future, case caption *Matrixed Reality Technology Co., Ltd. v. Eden Future HK Limited*, 7 O 11997/25 in the Munich Regional Court, where the Germen court has issued a preliminary injunction against Eden Future

in favor of Plaintiff. The '839 Patent is a continuation-in-part of International Application No. PCT/CN2019/074876, which also forms the basis of the asserted European patent. Given the close corporate relationship between the Defendants and the same party, Eden Future, being sued in the German proceeding, and the global nature of Viture's operations, including its presence in both China and the United States, Defendants were aware of the '839 Patent since at least September 22, 2025. On information and belief, despite having knowledge of the '839 Patent and knowledge that the Accused Products directly and/or indirectly infringe the '839 Patent, Defendants continued their sales of infringing products and accelerated their expansion in the United States. Alternatively, Defendants have knowledge of the '839 Patent through the filing of this Complaint.

33. On information and belief, despite having knowledge of the '839 Patent and knowledge that the Accused Products directly and/or indirectly infringe the '839 Patent, Defendants have willfully continued their infringing conduct with the specific intent or willful blindness to the fact that their acts constitute infringement of the '839 Patent, warranting enhanced damages under 35 U.S.C. § 284 and making this an exceptional case that merits an award of attorney fees to XREAL under 35 U.S.C. § 285.

34. Plaintiff has been damaged as a result of Defendants' infringing conduct and is entitled to recover damages adequate to compensate for the infringement, including lost profits, but not less than a reasonable royalty.

**PRAYER FOR RELIEF**

35. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor and against Defendants, and grant the following relief:

    A.    Entry of judgment in favor of Plaintiff against Defendants on all counts;

B. A judgment that Defendants have infringed one or more asserted claims of the '839 Patent;

C. An award of damages adequate to compensate Plaintiff for Defendants' infringement, including supplemental damages for any post-verdict infringement up until entry of the final judgment;

D. Preliminary and permanent injunctions prohibiting Defendants, together with their officers, directors, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them, from infringing one or more claims of the '839 Patent;

E. An accounting of Defendants' infringing activities through trial and judgment;

F. An award of pre- and post-judgment interest to the full extent allowed under the law;

G. A determination that Defendants' infringement of the '839 Patent has been and is willful, and an award of enhanced damages, up to and including trebling of the damages awarded to Plaintiff;

H. A declaration that this case is exceptional under 35 U.S.C. § 285, and an award of attorneys' fees, costs, and expenses, as provided by 35 U.S.C. § 285 and all other applicable statutes and rules in common law that would be appropriate; and

I. Any other relief the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby respectfully demands a jury trial on all issues so triable.

Dated: January 15, 2026

/s/ *Jennifer P. Ainsworth*
Jennifer Parker Ainsworth
TX State Bar No. 00784720
jainsworth@wilsonlawfirm.com
WILSON ROBERTSON & VANDEVENTER, P.C.
909 ESE Loop 323, Suite 400
Tyler, TX 75701
Telephone: (903) 509-5000
Facsimile: (903) 509-5091

Indranil Mukerji
Lead Counsel
imukerji@cov.com
Stephen A. Marshall
smarshall@cov.com
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
Telephone: +1 202-662-6000

Ruixue Ran (*pro hac vice* forthcoming)
Sheng Huang (*pro hac vice* forthcoming)
Andrew Di Wang (*pro hac vice* forthcoming)
COVINGTON & BURLING LLP
3901 China World Tower A
1 Jianguomenwai Avenue
Chaoyang District., Beijing 100004
Telephone: +86 10 5910 0591

*Counsel for Plaintiff Matrixed Reality Technology Co., Ltd.*